UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANTHONY TOXEY,                                :

            Plaintiff,               :

           -against-                 :    **MEMORANDUM and ORDER**

THE UNITED STATES OF AMERICA,    :    10 Civ. 3339 (RJH)(KNF)

           Defendant.              :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

The plaintiff, Anthony Toxey ("Toxey"), proceeding pro se and in forma pauperis, brings this action against the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, et seq.  Toxey alleges that, on July 11, 2006, a United States Postal Service vehicle struck him as he waited for a bus in a "reserved pedestrian area," causing him to suffer bodily injury.

Before the Court is Toxey's application for the Court appoint counsel to represent him in this action.

## DISCUSSION

Civil litigants have no constitutional right to counsel.  See United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981), cert. denied, 456 U.S. 916, 102 S. Ct. 1771 (1982).  However, 28 U.S.C. § 1915(e)(1) authorizes a district court to "request an attorney to represent any person unable to afford counsel."  "In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596 (1991).  An indigent's claim is likely to be of substance if it "appears to have some chance of success[.]" Id. at 60-61.  This assessment should

1

be made based on the record before the Court at the time counsel is requested.  See id. at 62.  Pleadings drafted by a pro se litigant, such as Toxey, are to be construed liberally and interpreted to raise the strongest arguments they suggest.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Only if a plaintiff satisfies the threshold "test of likely merit," should a court consider "secondary criteria."  Cooper v. A. Sargenti, Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).  These criteria include: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination.  Hodge, 802 F.2d at 61-62.

FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  United States v. Orleans, 425 U.S. 807, 813, 96 S. Ct. 1971, 1975 (1976); see 28 U.S.C. § 1346(b)(1).  The plaintiff's complaint appears to state a claim under FTCA.  However, "'[e]ven where [a] claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim.'"  Hodge, 802 F.2d at 60 (quoting Maclin v. Freake, 650 F.2d 885, 887 [7th Cir. 1981]).  The Court cannot assess the merits of Toxey's claim fully given the limited allegations before it.  The record before the Court is insubstantial to warrant appointment of counsel.

Even if Toxey had demonstrated that his claim is likely to be meritorious, other factors weigh against appointing counsel in this action.  For instance, the plaintiff has not indicated that he has made any independent effort to obtain a lawyer, prior to making the instant request for pro bono counsel.  However, an "indigent [must] be unable to obtain counsel before appointment will even be considered."  Id. at 61.  Moreover, this case is not factually or legally complex and the plaintiff, although now incarcerated in the Clinton Correction Facility, has demonstrated an ability to

effectively prosecute his action, seeking assistance from the Pro Se Office for this judicial district when necessary. Discovery is underway and it does not appear, to the Court, that Toxey's ability to investigate and present his case is hindered more than any other inmate pursuing litigation.

Bearing in mind that "volunteer-lawyer time should not be allocated arbitrarily," Cooper, 877 F.2d at 172, appointing counsel to represent Toxey, at this juncture, would be neither reasonable nor appropriate.

## CONCLUSION

For the reasons set forth above, the plaintiff's application for the Court to appoint counsel to represent him in this action is denied.

Dated: New York, New York
      January 14, 2011

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Anthony Toxey
Kirti Vaidya Reddy, Esq.

3